## Stewart v. Pennsylvania Railroad Company.

*Railroads—Carriers of passengers—Misconduct of conductor—Dispute as to ticket—Slanderous words—Damages.*

1. A railroad company may be held liable in damages to a passenger in an action of trespass, where it appears that the passenger told the conductor that she had bought a ticket and given it to him, that the conductor denied that she had given him a ticket, continued to demand another, and in a loud voice, in the hearing of the other passengers, charged her repeatedly with attempting to defraud the company.

2. In such case, the company cannot maintain that, as plaintiff suffered no physical injury, it was not liable for the slanderous words of the conductor.

Motion for new trial and for judgment *n. o. v.* C. P. Allegheny Co., Oct. T., 1920, No. 2184.

*Rody P. Marshall*, for plaintiff; *Robert Duff Dalzell*, for defendant.

SHAFER, P. J.—The action is trespass, and the allegations of the plaintiff are that she was a passenger on the defendant's railroad; that she purchased a ticket and gave it to the conductor, and that afterwards the conductor, insisting that she had not given him a ticket, continued to demand a ticket from her and to accuse her of attempting to defraud the railroad company, all of these in a loud voice calculated to attract the attention of all the passengers in the car, who were numerous, and repeated many times on the way from Johnstown to Pittsburgh, and that in this way she was held up to public ridicule and contempt, and was not afforded that protection from annoyance and insult which the railroad owes to its passengers. The jury having rendered a verdict for the plaintiff, the defendant has moved for judgment *n. o. v.*, for the reason that the plaintiff had not shown grounds upon which she is entitled to recover, and for a new trial for the same reason and because the verdict is excessive. As to the latter reason, we are of opinion that if the plaintiff is entitled to recover at all, the verdict is not excessive. The real question in the case is whether or not the plaintiff is entitled to recover for the annoyance and insult offered her by the conductor, which was not accompanied by any physical injury. The contention of the plaintiff is that the conduct of the conductor and his language addressed to the plaintiff, which tended to distress and humiliate her, amounted to a withdrawal of that protection which a carrier owes to passengers, and that of the defendant is that the defendant, not being liable for slanderous words spoken by its conductor and the plaintiff having received no physical injury, under our cases on that subject, plaintiff is not entitled to recover. No case in this State in which the matter has been discussed has been brought to our notice, and an examination of the digests fails to disclose any. A considerable number of cases, however, are to be found in the reports of a number of states, especially in the South and Southwest, in the great majority of which a recovery is allowed under circumstances similar to the present case.

The case of Gillespie *v.* Brooklyn Heights R. R. Co., 178 N. Y. 347, presents an elaborate discussion of the matter, in the opinion of the majority, sustaining a recovery. Three of the seven justices dissented, holding that the plaintiff was not entitled to recover. The case of Goddard *v.* Grand Trunk Ry. Co., 57 Maine, 202, also presents an elaborate discussion of the subject, judgment being given for the plaintiff. From these cases and a number of others to be found in the digests, it seems that the weight of authority is with the plaintiff.

A consideration which it seems to us is entitled to some weight as against the plaintiff is the difficulty that must obviously arise of drawing a line

between a mere want of politeness on the part of the carrier's servants and an abuse which should be considered actionable. It took the common law courts many years and much effort to determine what words were slanderous *per se,* and it would seem from some of the cases in the Southwest that actions will be brought in which the sneers and cross looks of the carrier's servants, and words which do not amount to slander, will be set up as a cause of action.

Upon a review of the cases above mentioned, however, we have arrived at the conclusion that the plaintiff is entitled to judgment on the verdict. The motion for judgment *non obstante veredicto* and the motion for a new trial are both refused.

From Edwin L. Mattern, Pittsburgh, Pa.